456 S.E.2d 548

CITY OF BLUEFIELD, Plaintiff
Below, Appellee,

v.

Walter L. WILLIAMS, Defendant
Below, Appellant.

No. 22540.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 17, 1995.

Decided March 24, 1995.

J.W. Feuchtenberger, City Sol., Bluefield, for appellee.

Scott A. Ash, Public Defender's Office, Princeton, for appellant.

PER CURIAM:

Walter L. Williams appeals his conviction by a jury in the Circuit Court of Mercer County of driving under the influence of alcohol—first offense against the ordinances of the City of Bluefield. On appeal, Mr. Williams alleges that the circuit court failed to determine whether he made a knowing and intelligent waiver of counsel below, and failed to hold an *in camera* hearing to determine whether his refusal to take a breathalyzer test should be admitted. The City of Bluefield confesses error in both matters. Because we agree with the parties, we reverse the circuit court and remand this case for further proceedings.

I

Officer Ron Ferrell of the City of Bluefield's Police Department testified that at approximately 10:20 p.m., July 24, 1993, he saw a car backing, about 50 or 60 feet, the wrong way on a one way street. Officer Ferrell said he saw Mr. Williams get out of the driver's side of the car and a lady, Pre-

cious Williams, Mr. Williams' daughter, was in the passenger seat. Officer Ferrell noticed that Mr. Williams' speech was "slurred," his gait was "unsteady," and his breath had "an odor of alcohol." Officer Ferrell also noticed that Mr. Williams had some blood above his eye.

The testimony of Officer Greg Haynes of the City of Bluefield's Police Department was similar to Officer Ferrell's testimony. In addition, Officer Haynes testified that he found an open bottle of vodka in the car and that after he arrested Mr. Williams, Mr. Williams refused to take a breathalyzer test.

Although Mr. Williams did not testify, in his opening statement he said that his daughter was driving when the car started to overheat. Ms. Williams stopped the car and Mr. Williams was adding water to the radiator when a bystander accosted him and threw bricks at him and the car. When the car started to roll backwards with Ms. Williams still in the driver's seat, Mr. Williams got into the driver's seat on top of his daughter to stop the car. Ms. Williams testified that she was the driver and her father was only trying to stop the car.

After a jury convicted Mr. Williams of driving under the influence, Mr. Williams appealed \ to this Court. On appeal, Mr. Williams alleges that the circuit court failed to determine if he made a knowing and intelligent waiver of counsel and to hold an *in camera* hearing to determine if his refusal to take a breathalyzer test should be admitted.

## II

 A person's right to represent himself is fundamental,[1] but the self representation decision must be made knowingly and intelligently. In *State v. Sheppard*, 172 W.Va. 656, 671, 310 S.E.2d 173, 189 (1983), we noted that "[i]t is incumbent upon the trial court to warn the accused of the 'dangers and disadvantages of self-representa-

tion.' [Citations omitted.]" In Syl. pt. 2, *State v. Sandler*, 175 W.Va. 572, 336 S.E.2d 535 (1985), we stated:

"The determination of whether an accused has knowingly and intelligently elected to proceed without the assistance of counsel depends on the facts and circumstances of the case. The test in such cases is not the wisdom of the accused's decision to represent himself or its effect upon the expeditious administration of justice, but, rather, whether the defendant is aware of the dangers of self-representation and clearly intends to waive the rights he relinquishes by electing to proceed *pro se.*" *State v. Sheppard,* 172 W.Va. 656, 671, 310 S.E.2d 173, 188 (1983) (citations omitted).

*See* Syl. pt. 8, in part, *State v. Sheppard, supra* (a *pro se* defendant must elect self-representation "with full knowledge and understanding of his rights and of the risks involved in self-representation"); Syl. pt. 2, in part, *State v. Layton*, 189 W.Va. 470, 432 S.E.2d 740 (1993).

In this case, Mr. Williams' election to proceed without counsel is not in the record and there is no evidence to show that he was aware of "the dangers of self-representation" and that he "clearly intend[ed] to waive" his rights. The circuit court's failure to warn Mr. Williams adequately of the dangers of representing himself *pro se* requires the reversal of his conviction.[2]

For the above stated reasons, the decision of the Circuit Court of Mercer County is reversed and we remand this case for proceedings consistent with this opinion.

Reversed and remanded.

BROTHERTON, J., did not participate.

FOX, J., sitting by temporary assignment.

---

1. Syl. pt. 7, *State v. Sheppard, supra*, recognized that the *W.Va. Const* art. III, § 14 gives a criminal defendant a constitutional right to represent himself. *See also Faretta v. California*, 422 U.S. 306, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975) (the structure of the Sixth Amendment implies the right to self-representation.)

2. Mr. Williams also argues that the circuit court erred in admitting evidence that he refused to take a breathalyzer test. Because we reverse on the self-representation issue, we do not address the merits of this argument. On remand, the circuit court should apply the principles set forth in *State v. Cozart*, 177 W.Va. 400, 352 S.E.2d 152 (1986).